```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

ABI ASSAYE,                      )  CIVIL NO. 17-00495 DKW-KSC
                                 )
          Plaintiff,             )  FINDINGS AND RECOMMENDATION TO
                                 )  DENY PLAINTIFF'S OBJECTION TO
     vs.                         )  REMOVAL
                                 )
UNITED AIRLINES, INC.,           )
                                 )
          Defendant.             )
_____  )
```

## FINDINGS AND RECOMMENDATION TO DENY
## PLAINTIFF'S OBJECTION TO REMOVAL

On October 10, 2017, Plaintiff Abi Assaye ("Plaintiff") filed an Objection to Removal ("Objection"), which the Court construes as a Motion to Remand. At the Court's direction, Defendant United Airlines, Inc. ("Defendant") filed an Opposition on October 20, 2017, and a Supplemental Opposition on October 27, 2017.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. After careful consideration of the parties' submissions and the applicable law, the Court HEREBY RECOMMENDS that the Objection be DENIED for the reasons articulated below.

## BACKGROUND

On September 7, 2017, Plaintiff commenced this action in the Circuit Court of the First Circuit, State of Hawaii.

On October 3, 2017, Defendant filed a Notice of Removal ("Notice"). Defendant subsequently filed a Motion to Dismiss Complaint on October 9, 2017. The present Objection followed.

## DISCUSSION

Plaintiff seeks remand of this action to state court on two grounds: 1) there are no federal claims asserted in the Complaint and 2) diversity of citizenship is lacking because Defendant is a citizen of Hawaii given that it conducts business within the State.

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Serv. LP, 533 F.3d 1031, 1034 (9th Cir.2008)); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

There is a strong presumption against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper,' and that the

court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); California ex rel. Lockyer, 375 F.3d at 838 ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute."); Durham, 445 F.3d at 1252 (Courts resolve any doubts about the propriety of removal in favor of remanding the case to state court).  Courts should presume that a case lies outside the limited jurisdiction of the federal courts. Hunter, 582 F.3d at 1042.

A.  Defendant did not Remove Based on the Existence of a Federal Question

Plaintiff's argument concerning the lack of a federal claim is untenable.  Defendant removed this action on the basis of diversity jurisdiction.  Accordingly, the absence a federal claim does not provide a basis for remand.

B.  Diversity Jurisdiction Exists

Defendant alleges that diversity jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000.  In an effort to refute the existence of diversity jurisdiction, Plaintiff contends that "[u]nder the long arm statute the [sic] State of Hawaii, Defendant United is a citizen of Hawaii because they [sic] do business on Oahu, Hawaii."  Objection at 2-3.

3

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Moreover, actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005).

  1. The Parties are Diverse

According to Defendant, Plaintiff is a citizen of Hawaii and it is a citizen of both Delaware and Illinois.  Although Plaintiff identifies Hawaii as his residence in the

Complaint,[1] Notice, Ex. A at ¶ 5, he does not contest Defendant's assertion that he is a citizen of Hawaii. Notice at ¶ 5. Corporations are deemed to be citizens of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center", or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010).

> [I]n practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Id. at 93. Defendant explains that its principal place of business is in Illinois, "which is where the corporation's high level officers direct, control, and coordinate the corporation's operations." Notice, Decl. of David Pigozzi at ¶ 2.

Plaintiff's argument that Defendant is a citizen of Hawaii because it does business here is unfounded and completely disregards the well-established body of law concerning corporate citizenship. Under Plaintiff's theory, corporations would be

---

[1] Section "1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

citizens of every state where they conduct business. However, § 1332(c)(1) and related case law measure citizenship based on a corporation's place of incorporation and its principal place of business. Multiple court decisions are consistent with Defendant's representation that its principal place of business is Illinois.[2] See, e.g., Barone v. United Airlines, Inc., 355 Fed. App'x 169, 178 n.5 (10th Cir. 2009) ("United is incorporated in Delaware and maintains its principal place of business in Illinois."); Lovell v. United Airlines, Inc., No. 09-00146 ACK-LEK, 2009 WL 3172680, at *3 (D. Haw. Aug. 18, 2009), report and recommendation adopted, 2009 WL 3172729 (D. Haw. Oct. 2, 2009) ("Defendant UAL is a citizen of Illinois."); Daly v. United Airlines, Inc., No. 3:17-CV-00977 (CSH), 2017 WL 3499928, at *1 (D. Conn. Aug. 16, 2017) ("United is a Delaware corporation with a principal place of business in Chicago, Illinois."); Frontier Airlines, Inc. v. United Air Lines, Inc., 758 F. Supp. 1399, 1403 (D. Colo. 1989) ("United is a Delaware corporation with its

---

[2] At least one district court has concluded that Defendant's principal place of business is California. Ghaderi v. United Airlines, Inc., 136 F. Supp. 2d 1041, 1048 (N.D. Cal. 2001) ("[W]e hold that United's principal place of business, as that phrase is used in diversity jurisdiction doctrine, is California."). This discrepancy is immaterial, as Defendant's principal place of business, whether California or Illinois, would not destroy diversity here. Under the applicable test, Hawaii would not be identified as Defendant's principal place of business. Notably, the Ghaderi court considered whether Defendant's principal place of business was Illinois or California. Id. at 1043.

6

principal place of business is Illinois."); Kohtz v. United Airlines, No. 91 C 3257, 1991 WL 171330, at *1 (N.D. Ill. Aug. 29, 1991) ("United, by the affidavit of a Pierre deVincentis, its Corporate Insurance Claims Administrator, has demonstrated that its principal place of business is in Elk Grove, Illinois."); Tukay v. United Cont'l Holdings, Inc., No. 14-CV-04343-JST, 2014 WL 7275310, at *3 (N.D. Cal. Dec. 22, 2014) ("Defendants' notice of removal states that they are incorporated in Delaware and their headquarters [are] located in Chicago, Illinois."); Levesque v. United Airlines, Inc., No. CIV.A. 2:04-1215, 2005 WL 2739073, at *1 (S.D. W. Va. Oct. 24, 2005) ("Defendant United Airlines, Inc. [] is a Delaware corporation with a principal place of business in Illinois.").

Based on the record before the Court, and the applicable law, Defendant has established that the parties are completely diverse.

2.  The Amount in Controversy Exceeds $75,000

Defendant alleges that the amount in controversy exceeds $75,000 because "Plaintiff prays for special damages, including lost income, lost earning capacity and consequential damages; general damages; and attorney's fees."  Notice at ¶ 6.  Plaintiff does not dispute the amount in controversy in the Objection.

"Where, as here, 'the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000.'" Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted) (alteration in original); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). In other words, a defendant must prove that it is "more likely than not" that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). This "burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citation omitted). However, conclusory allegations regarding the amount in controversy are insufficient. Matheson, 319 F.3d at 1090-91.

The amount in controversy is the "amount at stake in the underlying litigation" and "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016) (citations and quotations omitted) (alteration in original). "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees

8

awarded under fee shifting statutes." Id. at 648-49 (citing Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)). The court's amount in controversy inquiry "is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The court may consider "facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" Matheson, 319 F.3d at 1090; Kroske, 432 F.3d at 980.

Defendant submits that the types of damages sought by Plaintiff - special damages (including lost income, lost earning capacity and consequential damages); general damages; and attorneys' fees - exceed $75,000 and absent any evidence submitted by Plaintiff to the contrary, sufficiently demonstrates that the amount in controversy requirement is satisfied. According to Defendant, Plaintiff's lost wages alone exceed $75,000. Dorota Karpierz, Case Manager, Labor and Employment, for Defendant, estimates that Plaintiff's wages from his termination on November 15, 2015, through an estimated trial date of November 6, 2018, total $116,578.40. Supp. Opp'n, Decl. of Dorota Karpierz ("Karpierz Decl.") at ¶ 2. This evidence adequately demonstrates that the amount in controversy exceeds $75,000.

In addition, Defendant predicts that a jury could award emotional distress damages of $25,000 or more. Id., Decl. of Eileen Zorc at ¶ 3 & Ex. A. This predicted amount is speculative and focuses on Plaintiff's ultimate recovery, not the amount in controversy. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties."). The Court having already determined that Defendant has satisfied the amount in controversy requirement, however, exclusion of the $25,000 is of no consequence.

Defendant lastly submits that any attorneys' fees through trial, which would be authorized by Hawaii Revised Statutes ("HRS") § 378-5(c)[3] if Plaintiff were to prevail, would typically exceed $75,000. "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

---

[3] HRS § 378-5(c) provides: "In any action brought under this part, the court, in addition to any judgment awarded to the plaintiff or plaintiffs, shall allow costs of action, including costs of fees of any nature and reasonable attorney's fees, to be paid by the defendant." Haw. Rev. Stat. § 378-5(c).

Insofar as Plaintiff prays for attorneys' fees in his Complaint and HRS § 378-5(c) authorizes an award of attorneys' fees for a prevailing plaintiff, attorneys' fees must be included in the amount in controversy. It is unsettled in the Ninth Circuit "whether attorney's fees that are anticipated but unaccrued at the time of removal or filing in federal court . . . may be included in the amount-in-controversy." Gonzales, 840 F.3d at 649 n.2. Whether or not prospective fees may be included in the calculation need not be decided here given that Defendant has already satisfied its burden. While the Court does not have before it any estimation of fees incurred at the time of removal, even a nominal amount of fees would bolster the already-satisfied amount in controversy.

In view of the damages sought by Plaintiff, and the evidence presented by Defendant, the Court finds that Defendant has proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Because Defendant also established that the parties are completely diverse, it properly removed the action on the basis of diversity jurisdiction.

## CONCLUSION

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Objection to Removal, filed October 10, 2017, and construed as a Motion to Remand, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, October 30, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 17-00495 DKW-KSC; <u>ASSAYE V. UNITED AIRLINES, INC.</u>; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S OBJECTION TO REMOVAL

12